**FILED**

SEP 1 5 2010

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BILLY G. ASEMANI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| U.S. DEPARTMENT OF JUSTICE, | ) | 10 1548 |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This matter comes before the Court upon review of plaintiff's application for leave to proceed *in forma pauperis* and *pro se* complaint. The application will be granted but the complaint will be dismissed.

Plaintiff alleges that there is a dispute to his status as a United States national. This Court found that plaintiff was a national of the United States for the limited purpose of pursing an action against the Islamic Republic of Iran, among others, under the Foreign Sovereign Immunities Act ("FSIA") on claims arising from his alleged detention and torture on July 14, 2000.[1] *Asemani v. Islamic Republic of Iran*, 266 F. Supp. 2d 24, 27 (D.D.C. 2003); *see Asemani v. Syrian Arab Republic*, No 09-1158, 2009 WL 4456323, at *2 n.3 (D.D.C. Nov. 30, 2009) (declining to address whether plaintiff established that he was a United States national for purposes of bringing an action under the FSIA, commenting that such an assertion was "questionable at best"), *appeal docketed*, No. 09-7162 (D.C. Cir. Dec. 29, 2009). However, the Department of Justice has not deemed plaintiff a United States national for immigration purposes, *see* Compl., Ex. B at 2, and plaintiff has been ordered removed to Iran, *see id.*, Ex. G at

---

[1]    The Court denied without prejudice plaintiff's motion for a judicial declaration of nationality under 8 U.S.C. § 1503(a) and 28 U.S.C. § 2201. *Asemani*, 266 F. Supp. 2d at 27.

1. Plaintiff now demands a declaratory judgment "in his favor[] concerning his U.S. nationality status within the context of the FSIA." Compl. at 10.

Article III of the Constitution extends the judicial power of the federal courts only to "Cases" and "Controversies." U.S. CONST. art. III, § 2. "[A] showing of standing is an essential and unchanging predicate to any exercise of a court's jurisdiction." *Fla. Audubon Soc'y v. Bentsen*, 94 F.3d 658, 663 (D.C. Cir. 1996) (citation omitted). It is plaintiff's obligation to demonstrate standing, *see Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992), and to do so he must have suffered or stand to suffer an injury traceable to the defendant's alleged action which likely will be redressed by a decision in plaintiff's favor. *See id.*

The Court already has ruled in plaintiff's favor regarding his authority to bring an action under the FSIA, *see Asemani*, 266 F. Supp. 2d at 27, and his request for "a declaration as to his legal rights" as to that decision's implications, Compl. at 9, does not present a live case or controversy for resolution. Moreover, "[t]his narrow ruling has no bearing on whether [plaintiff] was lawfully detained as an alien subject to removal proceedings under the Immigration and Nationality Act." *Asemani v. Mukasey*, No. RWT-08-347, 2008 WL 6581129, at *1 (D. Md. Mar. 11, 2008). Insofar as plaintiff seeks an advisory opinion, the Court is not inclined to grant such a request. *See Asemani v. Attorney General of the U.S.*, 292 Fed. Appx. 248, 249 (4th Cir. 2008) ("Because the relief sought by Asemani is inextricably intertwined with his removal proceedings, and the district court did not have jurisdiction over those proceedings, it properly declined to issue an advisory opinion regarding . . . Asemani's nationality."), *cert. denied*, 129 S. Ct. 927 2009). The complaint will be dismissed for lack of standing. An Order will be issued separately.

DATE: August 31, 2010

_____
United States District Judge